**Charles Brantley LEWIS, Appellant,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10136.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 4, 1966.

Decided April 6, 1966.

J. William Russell, Asheville, N. C. (Uzzell & DuMont, Asheville, N. C., on the brief), for appellant.

Wm. Medford, U. S. Atty. (James O. Israel, Jr., and William M. Styles, Asst. U. S. Attys., on the brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and BUTLER, District Judge.

SOBELOFF, Circuit Judge:

■ Charles Lewis appeals from a summary judgment of the District Court for the Western District of North Carolina, affirming the denial of his claim for disability benefits under section 223(a) of the Social Security Act. Under the Act, our review is limited to the question whether the decision of the Secretary of Health, Education and Welfare, expressed through his Hearing Examiner and upheld by the Appeals Council, is supported by substantial evidence in the record. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). Upon a careful examination of the testimony and exhibits, we affirm.

For a period prior to 1963 Lewis had been engaged in an independent logging operation in which he grossed approximately $30,000 for four months of work in each year. Under an oral contract with two veneer companies, he would periodically accompany workmen into the forests, select walnut trees to be logged, and supervise the cutting and shipping of the lumber. In the operation of his business he owned and used several power saws, trucks, and automobiles. In his application for disability benefits Lewis stated that in March of 1963 he gave the business and equipment to his son because his physical condition rendered him incapable of playing a further active role. However, the record shows that he retained title to all the equipment and has continued to take some part in the management of the business and advising his son on procedures.

The medical evidence showed that appellant was about 40 pounds overweight, had a mild, non-disabling angina condition, and suffered periodic attacks of cirrhosis of the liver—alcoholic type. The record disclosed that on several occasions, after drinking heavily, Lewis' liver condition became acute and he was admitted to the hospital for treatment. Each time, after a few days without alcohol, his condition showed marked improvement and he was discharged.

■ It is argued to us that the Hearing Examiner was unduly influenced by his adverse moral judgment on the appellant arising from the fact that the asserted disabilities were traceable to heavy drinking. In a recent opinion by Judge Bryan, this court discussed the subject of chronic alcoholism in the criminal sphere,

emphasizing that it is a disease, not a crime, and that it should be treated as such. See Driver v. Hinnant, 356 F.2d 761 (4th Cir., 1966). Similarly, where chronic alcoholism alone or in combination with other causes, is shown to have resulted in a medically determinable disability, rendering gainful employment impossible, recovery of benefits under the Act ought not be barred on account of the origin of the disability.

In the present case, however, appellant has not shown an impairment resulting in permanent disability; nor does it appear that his alcoholism approaches the stage reached in Driver. Appellant's health is unquestionably impaired by his obesity, angina, and liver trouble, but any disability arising from these is intermittent, coinciding with his episodes of drunkenness. Moreover, the nature of his business requires him to work only four months a year and involves primarily advisory and supervisory functions, and it was not shown that his impairments preclude him from substantial gainful employment.

Since there was substantial evidence to support the Hearing Examiner's decision, the judgment of the District Court is

Affirmed.