Madrey LEWIS, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. No. 73–736–H.

United States District Court,
D. Maryland.

Aug. 8, 1975.

---

Susan P. Leviton and Gerald L. Hockstein, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Fred Marinucci, Dept. of Health, Education and Welfare, Philadelphia, Pa., and James E. Anderson, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, District Judge:

The claimant here, Mr. Madrey Lewis, heretofore filed an application for disability benefits under Sections 216(i) and 223 of the Social Security Act as amended, 42 U.S.C. §§ 416(i), 423. Following a hearing before an Administrative Law Judge on January 23, 1973, a decision was rendered on February 14, 1973, finding that the claimant was not entitled to a period of disability or to disability insurance benefits under the Act. An appeal was taken, and on May 24, 1973, the Appeals Council determined that the decision of the Administrative Law Judge was correct. The final decision of the Secretary of the Department of Health, Education and Welfare therefore is the Administrative Law Judge's decision.

This civil suit next followed. Cross-motions for summary judgment have now been filed by the parties in this case. The Court has reviewed the administrative record, including the testimony before the Administrative Law Judge, has studied the memoranda submitted by both sides and has heard argument in open court.

In determining whether claimant is disabled under the Act, reference must be made to 42 U.S.C. § 423, Subsections (d)(1), (d)(2) and (d)(3), which define disability in the following language:

(d)(1)    *    *    *

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

*    *    *    *    *    *

(2) For purposes of paragraph (1)(A)—

(A) an individual    *    *    *    shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*    *    *    *    *    *

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

In this case, the evidence must show that claimant was under a disability beginning on or before December 31, 1968, as that was the last date on which the claimant qualified for these benefits. The precise question presented in this case is whether plaintiff is entitled to disability benefits under the Act because he suffered from chronic alcoholism during the period of his insured status.

The Administrative Law Judge reached the following conclusions:

## EVALUATION OF EVIDENCE

This 44-year old claimant is to be commended for his personal abstinence from alcohol for over two years, as well as be commended for the good influence he has been on others. *Yet the record is clear that claimant has been unable to participate in substantial gainful activity since about 1965 due to almost exclusively to alcohol addiction.* Currently, his complaints and the reports from 1970 through 1972 do indicate that claimant has periferal [*sic*] neuropathy but this condition developed after years of drinking, and after claimant last met the earnings requirement. Claimant was not *physically* precluded from substantial gainful activity at a time when he met the earnings requirement. In fact, the Springfield Hospital indicated that he could maintain his own affairs while in a state of sobriety. Also, Dr. Moses saw no medical reason why claimant could not perform work as a laborer. Claimant, at a time when he last met the earnings requirement was an alcoholic and he did not at that time have any significant end organ involvement which would make him disabled even if he does have end organ involvement currently.

## FINDINGS OF FACT

The Administrative Law Judge has carefully considered all the evidence in this case and, based upon the preponderance of the credible evidence, makes the following specific findings:

1. That this 44-year old male claimant has had vocational experience as a construction laborer through approximately 1965.

2. That claimant last meets the earnings through December 31, 1968.

3. That at a time when claimant met the earnings requirement, he was an alcoholic without any significant end organ involvement.

4. That claimant's frequent periods of hospitalization *were directly attributable to alcohol addiction* which individually is not disabling.

5. That consistent with Dr. Moses' report, there were job opportunities available to claimant in the region in which he lives consistent with the type work he previously performed as a laborer provided claimant was in a state of sobriety.

6. That claimant does not have an impairment or combination of impairments of sufficient severity as would preclude him from participating in substantial gainful activity for a continuous period of 12 months.

(Emphasis added)

When these findings of fact and this evaluation of evidence of the Administrative Law Judge are considered in the light of the entire record and the applicable law, it is clear that the Administrative Law Judge has committed error in this case. The Administrative Law Judge made an express finding that claimant was addicted to alcohol and could not participate in substantial gainful activity since 1965 because of such addiction to alcohol. However, the Judge further concluded that such addiction to alcohol was not a medically determinable physical or mental ailment because there was no end organ damage. In reaching this conclusion, the Administrative Law Judge applied an erroneous standard.

It is true that the Regulations in establishing guidelines for determining disability list as one of the impairments in the Appendix: "Addictive dependence on alcohol . . . with evidence of irreversible organ damage." 20 C.F.R. subpart P, App. § 12.04(G)(1). However, these same Regulations also provide that an impairment is disabling if it is found to be "medically the equivalent of a listed impairment." Furthermore, Section 404.1502(b) provides that "[c]onditions which constitute neither a listed impairment nor the medical equivalent thereof likewise may be found dis-

abling if they do, in fact, prevent the individual from engaging in any substantial gainful activity." Thus, even under the Secretary's own Regulations, it is not necessary that there be end organ involvement for a chronic alcoholic to qualify for disability benefits.

The law in the Fourth Circuit is to the same effect. In *Lewis v. Celebrezze,* 359 F.2d 398, 400 (4th Cir. 1966), Judge Sobeloff said this:

> Similarly, where chronic alcoholism alone or in combination with other causes, is shown to have resulted in a medically determinable disability, rendering gainful employment impossible, recovery of benefits under the Act ought not be barred on account of the origin of the disability.

Subsequently, in *Mullins v. Cohen,* 296 F.Supp. 260, 263 (W.D.Va.1969), a District Court in this Circuit, citing *Lewis,* noted that "[n]one of the decisions of [the] hearing examiners were based on the erroneous view that . . . chronic alcoholism could not be the basis of a determination of disability." In a more recent case in the District of California, *Evans v. California,* Unempl.Ins. Rep. ¶ 17,024 (E.D.Cal.1973), the Court said that "[A]n applicant whose sole impairment is a chronic alcoholic condition *may* qualify for federal disability insurance benefits under the Social Security Act, if that condition, in fact, renders the applicant 'disabled' within the meaning of the Act."

Even without reference to these cases, it is certainly accepted medical doctrine today that alcoholism is a disease (that is, a physical and mental impairment) and not a mere condition that can be controlled simply by the exercise of a little will power. *See Griffis v. Weinberger,* 509 F.2d 837, 838 (9th Cir. 1975). Indeed, in a recent decision, the Appeals Council itself has recognized that "chronic alcoholism can be disabling if the addiction so dominates a person's life that it prevents him from engaging in substantial gainful activity." *Robert L. Stokes,* decision dated June 16, 1975.

Claimant here qualifies under that very test. The Administrative Law Judge expressly found that the claimant was addicted to alcohol. He further found that claimant was unable to undertake substantial gainful activity because of his addiction to alcohol. Significantly, there was no finding here nor is there any suggestion in the record that claimant's alcoholism was not so severe as to preclude any substantial gainful activity.

Where the Administrative Law Judge went astray was to assume that there must be some physical manifestation of the alcoholism (such as end organ damage) before alcoholism may be held to be a proper medical disability under the Act. Such is apparent from his comments in evaluating the evidence. The Administrative Law Judge said this: "Claimant was not *physically* precluded from substantial gainful activity at a time when he met the earnings requirement." (Emphasis added) As the Fourth Circuit said, in part, in *Martin v. Secretary,* 492 F.2d 905, 909 (4th Cir. 1974), "Nothing in the Social Security Act requires rejection of a disability claim . . . simply because the claimant has not yet experienced end organ damage." In that case, of course, the disability claimed was hypertension or diabetes and different regulations were applicable, but the statement of the Court, quoted in part, is equally pertinent to this case.

Certainly the evidence in the record supports the Administrative Law Judge's finding that claimant's alcoholism prevented his participation in substantial gainful activity from 1965 right through the last day of his entitlement. The alcoholism here was severe and prevented him from performing even the simplest of tasks. It was even termed an "addiction" by the Judge, who thereby suggested that it was uncontrollable insofar as the claimant was concerned.

The defendant argues that the claimant does not qualify for benefits because his alcoholism was remediable. The simple answer to this contention is that

**636**

the Administrative Law Judge did not so find but on the contrary found that claimant's alcoholism prevented him from working from 1965 through December 1968 when he last qualified for benefits. The defendant places heavy reliance on Finding of Fact No. 4 of the Administrative Law Judge and in particular the words "which individually." It is argued that this finding in effect says that the addiction to alcohol in claimant's case was not disabling because it was remediable. But when this finding is read together with the Administrative Law Judge's evaluation of the evidence and with other findings, it can only mean (as stated elsewhere) that alcohol addiction alone and without end organ damage is not in the opinion of the Administrative Law Judge disabling. In Finding No. 4, the Administrative Law Judge was doing no more than stating in another way that which he had said and which this Court has found to be erroneous.

For all these reasons, the plaintiff's motion for summary judgment will be granted and the defendant's motion for summary judgment will be denied.