**Charlie Mae SCOTT, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–4841**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1985.

Samuel L. Walters, Jackson, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An applicant for Social Security disability and supplemental security income (SSI) benefits appeals the Secretary's determination that she was not disabled within the meaning of the Social Security Act. Because the Secretary gave insufficient weight to the opinion of the applicant's treating physician, may have improperly dismissed her obesity as a cause of disability because she had failed to lose weight, and may have failed to consider the cumulative impact of all her impairments, we reverse the decision and remand for the Secretary's reconsideration of all of the evidence.

Charlie Mae Scott, a 62-year-old female, applied for disability and SSI benefits on August 26, 1981, contending that she was unable to work because of a blood clot in her left hip and leg, disc trouble, diabetes causing poor vision, and high blood pressure. She has an eighth grade education and had last worked as a domestic employee in the household of her examining physi-cian, Dr. Guy T. Vise. After her application was denied, she requested a hearing before an administrative law judge. The ALJ denied her claim, finding that, although Scott suffered from diabetes melli-tus "with mild diabetic neuropathy," hyper-tension, cataracts, and obesity, she was able to perform "light" work and hence could return to her past work as a domestic employee. The ALJ concluded that Scott had not established that she was suffering from pain so severe as to preclude her engaging in substantial gainful activity. The Social Security Appeals Council denied Scott's request for review, and the federal district court found substantial evidence in the record to support the ALJ's finding that Scott had the capacity to perform her past work.

We review administrative findings under the Social Security Act only to determine whether they are supported by substantial evidence on the record as a whole and whether the Secretary applied the proper legal standards in reaching her decision.[1] The individual who claims disability insur-ance benefits has the burden of proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impair-ment which ... has lasted ... for a contin-uous period of not less than 12 months."[2] If the claimant shows that she is no longer capable of performing her past work, the burden shifts to the Secretary to show that she can engage in some other type of sub-stantial gainful employment.[3]

Scott contends that the district court failed to give substantial weight to the diagnoses of one of her treating physicians, Dr. Guy T. Vise. Scott was examined by Dr. W. Michael Vise on October 29, 1981. She complained of pain in her knee, leg and foot, and was found to walk with a gait. She was diagnosed as having diabetes, hy-pertension, fibromyositis (chronic muscle

---

1. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Rich-ardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Bowman v. Heckler,* 706 F.2d 564, 566 (5th Cir.1983) and cases cited therein.

2. 42 U.S. §§ 416(i)(1), 423(d)(1)(A); *see Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983).

3. *Dorsey v. Heckler,* 702 F.2d 597, 602–03 (5th Cir.1983), and cases cited therein.

inflammation) and certain back and spinal problems that the doctor concluded did not warrant neurosurgical treatment.

She later visited Dr. Guy T. Vise, again complaining of leg pain. He found nerve and muscle abnormalities, some associated with diabetes. He noted that Scott, who is only five feet four inches tall, weighed 198 pounds, and he instructed her to lose weight. Dr. Vise stated in letters to Scott's attorney that she suffered from uncontrolled diabetes mellitus, severe burning neuritis in the lower extremities, arthritis of the knees and other leg problems, chronic low back pain associated with back and spinal problems, high blood pressure, and severe obesity. He gave his medical opinion that Scott was unable to carry out her usual work duties and would require medication for the rest of her life. He concluded that she had severe and permanent functional impairments that left her unfit for any type of occupation.

While the ALJ gave "consideration" to the doctor's opinion that Scott was disabled, he stated, correctly, that "the function of deciding whether or not an individual is under a disability is the responsibility of the Administration as an independent trier of the facts." The ALJ found that Dr. Vise "provided no clinical or laboratory findings" to support his opinion that Scott was totally disabled. The doctor's letters, however, recited his past examinations and treatment of the claimant and summarized his diagnosis based on those treatments. The letters were supported by attached medical records of examinations by Dr. Vise and other physicians at the Mississippi Methodist Hospital, who consulted with Dr. Vise on Scott's condition, including Dr. William Kliesch. Although Dr. Kliesch never rendered a direct opinion as to Scott's disability, he had ordered her in October of 1981 to stay at home and not return to work. While he at times noted that her condition was improving, he never advised her to return to work.

We therefore see no basis for the ALJ's determination that there were "no clinical or laboratory findings" to support Dr. Vise's opinion that Scott was totally disabled. This court has repeatedly held that ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability.[4] There are exceptions to this principle. The ALJ may give less weight to a treating physician's opinion when "there is good cause shown to the contrary,"[5] as is the case when his statement as to disability is "so brief and conclusory that it lacks strong persuasive weight,"[6] is not supported by medically acceptable clinical laboratory diagnostic techniques,[7] or is otherwise unsupported by the evidence.[8] The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits."[9] The administrative fact finder is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly.[10]

Dr. Vise's medical opinion, based upon his examination and treatment of his patient over a period of several months, was clearly supported by "acceptable diagnostic

**4.** *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir.1984); *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir.1981); *Perez v. Schweiker,* 653 F.2d 997, 1001 (5th Cir.1981); *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir.1980).

**5.** *Perez v. Schweiker, supra,* 653 F.2d at 1001; *Smith v. Schweiker, supra,* 646 F.2d at 1081; *Fruge v. Harris, supra,* 631 F.2d at 1246.

**6.** *Warncke v. Harris,* 619 F.2d 412, 417 (5th Cir.1980); *see Oldham v. Schweiker,* 660 F.2d 1078, 1084–85 (5th Cir.1981).

**7.** 20 C.F.R. § 404.1526 (1985).

**8.** *E.g., Warncke v. Harris, supra,* 619 F.2d at 417; *Oldham v. Schweiker, supra,* 660 F.2d at 1084.

**9.** *E.g., Whitney v. Schweiker,* 695 F.2d 784, 789 (7th Cir.1982).

**10.** *See Whitney v. Schweiker, supra,* 695 F.2d at 789, and cases cited *supra* n. 1.

techniques." His diagnosis of disability was, moreover, uncontradicted by other testimony. No other reviewing or examining physician stated that Scott was capable of gainful employment. Dr. Kliesch, as we have noted, told Scott to stay home and there is no evidence that he lifted that restriction.

■ Dr. Vise's evaluation has ample evidentiary support. Dr. Vise's wife, for whom Scott had worked as a domestic, filed an affidavit stating that Scott was "frequently in rather severe pain" and that her legs did not provide reliable support, making her unable to carry out her work duties. Mrs. Vise testified that she had seen Scott's legs buckle, causing her to collapse. Both Scott and her husband testified that she had suffered repeated severe falls and was unable to perform household chores because of her impairments and pain.

■ Were there no question of Dr. Vise's credibility, we could only conclude that the ALJ failed to give proper weight to the opinion of an examining and treating physician. The record evidence, however, provides a basis from which the ALJ might have questioned the physician's credibility. Although the ALJ noted that the claimant had worked in the home of Dr. Vise as a domestic employee, the ALJ made no specific findings as to the treating physician's credibility or lack thereof. The relationship between the patient and her physician, however, may well have influenced the ALJ's evaluation of the doctor's testimony. We therefore remand the case for administrative findings on the physician's credibility and the weight to be given his opinion. Should the ALJ conclude that the doctor's testimony is not to be credited, he might then give greater weight to other medical evidence indicating that the claimant's condition was less serious than stated by her doctor. Should, however, the ALJ find no

reason to question the doctor's credibility, he is bound by our prior decisions to give that testimony considerable weight.

■ On remand, the ALJ should also reevaluate the impact of Scott's obesity on her overall condition. The ALJ stated that "medical evidence does show the claimant to be extremely overweight. As of November 25, 1981, the importance of weight loss was explained and the claimant's physician advised her to lose fifty-eight pounds. At that time she weighed 198 pounds. At the time of the hearing, the claimant estimated her present weight as 196 pounds." It is apparent that the ALJ, influenced by Scott's failure to lose weight, discounted her obesity as an impairment contributing to her overall condition.

This court did state, in *Stillwell v. Cohen*,[11] in which there was "persuasive evidence that a reduction in weight would ease many of appellant's problems," that "[i]f an impairment reasonably can be remedied by treatment, it cannot serve as a basis for a finding of disability." "It is a maxim, not to be disregarded," however, as Chief Justice Marshall observed over a century ago, "that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used." [12] Scott is only five feet four inches tall, weighs almost 200 pounds, and, according to her doctor, is "massively overweight." She suffers from obesity of such severity, together with other serious impairments, that there is no indication that her condition is "reasonably remediable." Significant weight loss is indeed difficult even for the iron willed. For the less determined, who suffer from other painful and debilitating impairments that restrict movement and no doubt sap the resolve for self-improvement, such a significant loss of weight may be impossible. Alcoholism may be considered a disabling impairment[13] despite the fact that a doctor has

**11.** 411 F.2d 574, 575 (5th Cir.1969).

**12.** *Cohens v. Virginia,* 19 U.S. 264, 6 Wheat. 264, 399, 5 L.Ed. 257, 290 (1821).

**13.** *E.g., Dorsey v. Heckler, supra,* 702 F.2d at 608 n. 14; *Ferguson v. Schweiker,* 641 F.2d 243, 248 (5th Cir.1981); *Strickland v. Harris,* 615 F.2d 1103, 1110 n. 5 (5th Cir.1980); *Lewis v. Cele-*

ordered the alcoholic to stop drinking. Whether or not Scott has the ability to control her eating habits is at least a fact question, not a matter to be determined by *a priori* judgment, for certain impairments, although initially self-inflicted, may become diseases that either contribute to an overall disability or are of themselves disabling.[14]

Finally, the ALJ's opinion does not indicate that he considered the combination or "cumulative impact" of all of Scott's physical problems.[15] "Since the Secretary must evaluate the evidence in relation to the particular individual seeking benefits, where there are several illnesses suffered simultaneously by the claimant, the combined effect of the impairment[s] must be considered" by the Secretary in evaluating a disability claim.[16] "[T]he Act seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical analysis of individual ailments."[17] Although the ALJ stated that he had "carefully considered the entire record in this case," his "evaluation of the evidence" addresses each impairment separately and does not specifically discuss the interaction or cumulation of all of the claimant's medical problems.[18] We instruct the ALJ, on remand, to consider the combination of unrelated impairments "to see if together they are severe enough to keep the claimant from doing substantial gainful activity."[19]

For these reasons, we REVERSE the district court's judgment and REMAND the case to the Secretary for reevaluation of all the evidence in accordance with this opinion.

---

brezze, 359 F.2d 398 (4th Cir.1966); *Lewis v. Weinberger,* 402 F.Supp. 632 (D.Md.1975).

**14.** *See* cases cited, *id.*

**15.** *Strickland v. Harris,* 615 F.2d 1103, 1110 (5th Cir.1980).

**16.** *Dorsey v. Heckler,* 702 F.2d 597, 605 (5th Cir.1983).

**17.** *Id.* at 605; *see* 20 C.F.R. §§ 404.1522, 416.922.

**18.** *See Strickland v. Harris, supra,* 615 F.2d at 1110.

**19.** *Dorsey v. Heckler,* 702 F.2d 597, 605 (5th Cir.1983); 20 C.F.R. §§ 404.1522, 416.922; *Strickland v. Harris, supra,* 615 F.2d at 1110.