**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60818

HAM MARINE, INC., EAGLE PACIFIC
INSURANCE COMPANY,

                                                 Petitioners,

       versus

DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS; U.S.
DEPARTMENT OF LABOR; ROBERT
KEYES, JR; P & T INSULATION
COMPANY; RELIANCE NATIONAL
INDEMNITY COMPANY, (MISSISSIPPI
INSURANCE GUARANTY ASSOCIATION,
SUCCESSOR IN INTEREST),

                                                Respondents.

Petition For Review of the
Decision of the Benefits Review Board

Before GARWOOD, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

    Petitioners, Ham Marine Inc. (Ham) and its Longshore & Harbor
Workers Compensation Act (LHWCA) insurance carrier, Eagle Pacific
Insurance Company (Eagle), appeal the decision of the Benefits
Review Board (BRB) affirming the decision of the Administrative Law

---

    [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge (ALJ) holding Robert Keyes, Jr. (Keyes) entitled to LHWCA compensation benefits from Ham on account of injury sustained by Keyes May 5, 1999, in the course of his employment with Ham. Keyes was subsequently employed by P & T Insulation Company Inc. (P & T) from August 1999 until March 3, 2000.[1]

The sole contentions of petitioners Ham and Eagle before this court are:

First, that the ALJ and the BRB "erred in finding that . . . [Keyes's] work at P & T did not aggravate, accelerate or combine with the initial [May 5, 1999] injury [while employed at Ham] so as to terminate the liability of Ham Marine with regard to . . . [the May 5, 1999] injury;" and

Second (and last), that the BRB erred in affirming the ALJ's decision because the ALJ erroneously discounted evidence of two doctors and a therapist who treated Keyes and credited the evidence of Dr. Bazzone.

We reject these contentions and affirm the BRB.

We may not reweigh the evidence or substitute our own view of the facts for those of the ALJ, but must instead affirm the ALJ's

---

[1] P & T and its LHWCA insurer, Reliance National Insurance Company (Reliance), are respondents here (as they were before the BRB), and were likewise made parties to the proceedings before the ALJ where Keyes was claimant and Ham was the employer. Ham and Eagle appealed the ALJ's decision to the BRB. Neither Keyes nor P&T, nor Reliance, appealed from the ALJ's decision to the BRB, nor has any of them appealed from the BRB's decision to this court. P&T (and Reliance) defend in this court the decision of the BRB (and that of the ALJ). Keyes has not filed any brief in this court.

findings if they are supported by substantial evidence. *Director, OWCP v. Ingalls Shipbuilding, Inc.*, 125 F.3d 303, 305 (5th Cir. 1997). In this context, findings by the trier of fact may be affirmed even though we deem them to be contrary to the weight of the medical testimony. *See, e.g., Todd Shipyards Corp. v. Donovan*, 300 F.2d 741, 742 (5th Cir. 1962). "Credibility determinations and the resolution of conflicting evidence are the prerogative of the fact finder, here the ALJ" and "he is entitled to weigh the medical evidence – including the relative credibility of the competing experts . . .". *Atlantic Marine, Inc. v. Bruce*, 661 F.2d 898, 900 (5th Cir. 1981) (internal quotation marks and citations omitted). The ALJ found that Keyes's condition was "the natural result" of the May 5, 1999 injury he sustained while in the course of his employment by Ham and was not in fact "aggravated, exacerbated or worsened by working with P & T." Considering the record as a whole, this finding is supported by substantial evidence, including, but by no means limited to, the testimony of Dr. Bazzone. This finding by the ALJ, and our determination that it is supported by substantial evidence on the record as a whole, is, under a view of the law most favorable to Ham, fatal to its contention that the effects on Keyes's condition of his work with P & T terminated the liability of Ham (and Ham does not contend otherwise).

We further conclude that the ALJ adequately explained, and

showed good cause, why in the challenged respects he gave greater weight to the testimony of Dr. Bazzone than to that of Drs. McCluskey and Fineburg and the physical therapist. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

Accordingly, the decision of the BRB is

AFFIRMED.

4