United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20678
Summary Calendar

NAKITA THOMPSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:05-CV-1820)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nakita Thompson, a social security claimant, appeals the district court's decision

to affirm the Commissioner's finding that she was not entitled to social security benefits.

For the following reasons, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Thompson filed for supplemental security income benefits under Title XVI on September 12, 2000. She alleged that her disability started on March 1, 1996. Her claims were initially denied, and she sought review by an administrative law judge ("ALJ"). After a hearing, the ALJ denied benefits.

The ALJ determined that Thompson suffered from a combination of impairments, three of which were severe. These severe impairments were obesity, depression, and anxiety-related disorders. The ALJ also found that Thompson suffered from several non-severe impairments, including hypertension, diabetes, asthma, reflux disease, pelvic pain, and a history of gallstones. The ALJ concluded, however, that Thompson could still perform work that was available in significant numbers in the national economy, thus denying benefits. Thompson sought review in federal district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Thompson moved for summary judgment. After briefing, the district court issued a final judgment denying the motion for summary judgment and affirming the Commissioner's determination that Thompson was not disabled.

## II. STANDARD OF REVIEW

This court reviews a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). A final decision is supported by substantial evidence if there is

relevant evidence sufficient to establish that a reasonable mind could reach the same conclusion reached by the Commissioner. *See id.* In reviewing the evidence, this court does not substitute its judgment for the Commissioner's judgment. *See id.* If there are conflicts in the evidence, this court accepts the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence. *See id.*

## III. DISCUSSION

The Commissioner uses a sequential five-step inquiry to evaluate supplemental social security claims under 20 C.F.R. § 416.920(a)(4). It is undisputed that Thompson satisfied the first four steps of the inquiry. In step five, the Commissioner considers whether the impairment prevents the claimant from doing other work, besides past relevant work, that is available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). While the burden of proof during step five is on the Commissioner, *see Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002), the ALJ found that Thompson was not disabled because her impairments did not prevent her from performing such work.

## A.    Impairments

Thompson argues that the ALJ erred in failing to consider either the singular effect of Thompson's obesity, which was considered "severe," or the cumulative effect of her obesity and her other impairments. A review of the ALJ's report indicates that the ALJ clearly considered Thompson's obesity singularly, as the ALJ stated that "[a] review of the medical evidence of record . . . and the testimony of the medical experts who reviewed such evidence established that the claimant has obesity."

The ALJ must also consider the cumulative effect of the claimant's impairments. *See Loza v. Apfel*, 219 F.3d 378, 399 (5th Cir. 2000); *see also Scott v. Heckler*, 770 F.2d 482,487 (5th Cir. 1985) (holding that the ALJ does not meet this requirement merely by stating that the entire record has been reviewed). The structure of the ALJ's decision suggests cumulative consideration of these impairments. Moreover, the decision articulates that "if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis." This point of error is rejected.

## B. Dr. Blocher's opinion

Thompson also argues that the ALJ erred by failing to credit the opinion of Dr. Blocher, one of her treating physicians. As the ALJ acknowledges, the medical opinions of treating physicians are generally entitled to controlling weight.

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

*Newton*, 209 F.3d at 453. At the same time, the ALJ may disregard the treating physician's opinions if "he finds, with support in the record, that the physician is not credible and is leaning over backwards to support the application for disability benefits." *Scott*, 770 F.2d

- 4 -

at 485.  Specifically, Thompson argues that two determinations by Dr. Blocher were improperly ignored.

First, Dr. Blocher found that Thompson was permanently disabled by virtue of her mental impairments, a finding with which the ALJ disagreed.  A doctor's determination that a patient is permanently disabled, however, is not a medical opinion but is rather a legal conclusion reserved to the discretion of the Commissioner.  *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).  Such a legal conclusion by a doctor not only does not control, but it is entitled to "no special significance."  *Id.*

Second, Thompson argues that the ALJ ignored Dr. Blocher's medical opinion that Thompson has symptoms that essentially amount to panic disorder and agoraphobia.  Aside from the determination that she was permanently disabled, the plaintiff does not clearly discuss which findings by Dr. Blocher were improperly disregarded.  While the ALJ did not specifically state that the residual functional capacity ("RFC") analysis included a consideration of panic disorder and agoraphobia, the ALJ stated that Thompson had severe anxiety-related disorders, which can include panic disorders and agoraphobia.  The RFC analysis was adequate.  This point of error is also rejected.

## C.    Step five error

Finally, Thompson argues that the ALJ's step five finding that she could perform work that existed in significant numbers in the national economy was in error.  She urges that by couching the RFC limitations language in terms that were self-referential, the ALJ rendered the vocational expert unable to adequately determine which jobs she could

perform. Specifically, the ALJ referred to limitations by describing them as mild, moderate, and marked. "Mild" was defined by the ALJ as "ability which is slightly limited." "Marked" was defined as "ability which is seriously limited but not precluded." "Moderate" was defined as "ability which is less than marked but more than mild." The use of these terms does not indicate that the vocational expert could not adequately perform the necessary evaluation. This court holds that the ALJ's characterization of Thompson's limitations was sufficient to avoid error.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.