# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50550
Summary Calendar

BARBARA ROBINSON,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:06-CV-257

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Barbara Robinson sued under § 205(g) of the Social Security Act to challenge a decision of the Commissioner of Social Security to deny her disability insurance benefits ("DIB") and supplemental security income ("SSI"). Because the Commissioner's determination is based on substantial evidence and applies the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proper legal standards, we affirm.

Robinson filed her application for DIB and SSI benefits claiming disability since June 1, 2003, on account of diabetes, hypertension, vision problems, and back pain. The application was denied initially and on reconsideration. She requested a hearing before an administrative law judge ("ALJ"), who heard testimony from Robinson and two expert witnesses. The ALJ decided that Robinson was not "disabled" within the meaning of the Social Security Act and was not entitled to benefits. The Appeals Council denied Robinson's request for review. Adopting the magistrate judge's report and recommendation, the district court affirmed the Commissioner's decision.

Our review of a denial of disability benefits is limited. "The Commissioner's decision is granted great deference," and we will not disturb his finding unless it is unsupported by "substantial evidence" or is based on an error of law. Leggett v. Chater, 67 F.3d 558, 565-66 (5th Cir. 1995). After reviewing the record, we agree with the reasoning of the district court and the magistrate judge.

Robinson argues that the ALJ disregarded evidence of her mental impairment, particularly of her low IQ scores. The ALJ's opinion explicitly discusses Robinson's test scores and the results of a psychological evaluation performed by Dr. Wong, but the ALJ deemed the test scores to be lower than Robinson's actual functioning level and deemed Wong's findings to be unreliable. The ALJ made that determination based on the opinion of Dr. Felkins, a qualified medical expert who testified at the hearing. Felkins, whom the ALJ characterized as "credible and compelling," stated that the IQ scores and Wong's assessment invalidly overstated Robinson's mental impairment and were not supported by evidence in the record. We agree with the district court and the magistrate judge that the ALJ properly considered Robinson's mental impairment and based his findings on substantial evidence.

Robinson contends the ALJ failed to give proper weight to some of the

opinions of Robinson's treating and examining doctors, Wong and Dr. Haji. Although the opinion "of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight,"[1] the treating physician's opinion "may be assigned little or no weight when . . . the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence."[2] We agree with the district court and the magistrate judge that the ALJ properly considered the opinions of Wong and Haji. Wong performed a one-time consultative examination of Robinson and therefore is not due special deference as a treating physician. Although Haji was a treating physician, and the ALJ rejected some of his opinions, the ALJ relied on opinions of other examining physicians and medical experts in doing so.[3]

Robinson also avers that substantial evidence does not support the ALJ's finding that Robinson had the residual functional capacity to perform a limited range of light work, including jobs as office helper, information clerk, and usher. The ALJ considered all the evidence and testimony and determined the impairments he found to be credible. The ALJ then posed a hypothetical to a vocational expert, setting forth those impairments.[4] The vocational expert testified that

---

[1] Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985).

[2] Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000).

[3] Although the ALJ did not perform a detailed analysis based on 20 C.F.R. § 404.-1527(d), he does not have to do so where there is "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." Newton, 209 F.3d at 453 (emphasis added). In rejecting some of Haji's opinions, the ALJ relied on the opinions of two examining doctors, Wong and Dr. Gupta, in addition to relying on the medical expert, Felkins. Moreover, although the ALJ did not seek clarification from a treating physician when he rejected some of Haji's opinions, the ALJ is not required to do so unless the evidence in the record is inadequate or insufficient to reach a conclusion about the applicant's disability. See 20 C.F.R. §§ 404.1527(c)(3), 404.1512(e). That is not the case here.

[4] See Carey v. Apfel, 230 F.3d 131, 145-46 (5th Cir. 2000) (holding that vocational expert testimony in response to a hypothetical can constitute substantial evidence of residual functional capacity).

Robinson was capable of performing jobs as office helper, information clerk, and usher, which exist in significant numbers in the national economy. Although Robinson disagrees with the ALJ's assessment of her impairments and her ability to perform the jobs suggested by the vocational expert, we cannot "reweigh the evidence in the record." Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999). We agree with the district court and the magistrate judge that the ALJ's findings are based on substantial evidence.

Robinson claims the ALJ failed properly to assess her credibility.[5] The ALJ determined that she was not credible in reporting her symptoms and that her claims were not supported by medical evidence. Robinson argues that the ALJ failed to conform to the requirements of 20 C.F.R. § 404.1529 by neglecting to address the location, duration, frequency, and intensity of her self-reported symptoms. That was not necessary, however, because the medical evidence did not confirm that Robinson had a medically determinable impairment.[6] The ALJ's assessment of Robinson's credibility is based on substantial evidence.

AFFIRMED.

---

[5] The Commissioner asserts that this argument was raised for the first time on appeal and is therefore waived. This appears not to be the case; it is raised on pages 9-10 of Robinson's brief in the district court.

[6] See 20 C.F.R. § 404.1529(c)(1) ("When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work.").