54 F.3d 772
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Isabelle DARGAN, on behalf of minor daughter, Octavia
Dargan, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2029.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 2, 1995.
Decided May 11, 1995.
 
 Isabelle Dargan, appellant pro se. Robert Drum, Margaret J. Krecke, United States Department of Health & Human Services, Philadelphia, PA; Jeanette Plante, Assistant United States Attorney, Baltimore, MD, for appellee.
 Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Isabelle Dargan, on behalf of her minor daughter Octavia, appeals from a magistrate judge's decision upholding the determination of the Secretary of Health and Human Services ("the Secretary"), that Octavia was not entitled to disability benefits.* Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Appellant filed an application for Child's Supplemental Security Income benefits, alleging that Octavia had been disabled since birth due to cerebral palsy, vision and hearing problems, dental problems, a heart murmur, growths on her neck, a stiff right side and a skin rash. The application was denied, and the regional commissioner found the denial of benefits appropriate upon reconsideration. Appellant then requested a hearing before an administrative law judge ("ALJ"), at which she testified and presented evidence. The ALJ determined that Octavia was not disabled, because her impairments did not cause more than a minimal limitation in her ability to function in an age-appropriate manner. The Appeals Council denied Appellant's request for review, and the ALJ's decision therefore became the final decision of the Secretary. Dargan then filed a civil action in the district court, and a magistrate judge affirmed the Secretary's decision, which she appealed to this Court.
 
 
 3
 This Court must assess on appeal whether substantial evidence supports the Secretary's decision and whether the conclusions reached by the Secretary are legally correct under the controlling law. It is the duty of the ALJ reviewing the case, not the courts, to make findings of fact and to resolve conflicts in the evidence. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). It is not within the province of the reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if her judgment is supported by substantial evidence. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 4
 The ALJ determined that, although Octavia was born with several different conditions which delayed her development, the objective medical evidence supported the finding that these conditions were "mild," have been corrected surgically, or have improved with assistive devices (hearing aids, glasses). Furthermore, no treating physician placed any restrictions on Octavia's ability to participate in any activities, physical or otherwise. Simply stated, there was no testimony or other evidence in the administrative record showing that Octavia suffered from a severe impairment or that the limitations she possessed hindered her ability to reach developmental milestones.
 
 
 5
 As the ALJ noted, Charles E. Silberstein, Octavia's treating orthopedic physician, noted that Octavia was "doing beautifully" and had "absolutely no orthopedic problems." Furthermore, Octavia's mother testified that, with her glasses and hearing aids, Octavia could read, write, study, learn and play like other children. Therefore, we find that substantial evidence supported the ALJ's decision.
 
 
 6
 Appellant further alleges that this case should be remanded for reconsideration in light of new evidence, namely three letters from Dr. Silberstein describing Octavia as "totally" and "permanently" disabled, due to spastic cerebral palsy. In his most recent letter, Dr. Silberstein states that Octavia "has an abnormal gait and walks with her knees in semi-flexion," and that due to recurrent episodes of inflammation in her hip joints, Octavia has "difficulty in getting about."
 
 
 7
 This Court may remand a social security case to the Secretary on the basis of new evidence only upon a showing that the new evidence is material and that there is good cause for the failure to submit the evidence to the Secretary. 42 U.S.C.A. Sec. 405(g) (West Supp.1995). Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins v. Secretary, Health & Human Servs., 953 F.2d 93, 96 (4th Cir.1991).
 
 
 8
 Although a treating physician's diagnosis is normally entitled to deference, Dr. Silberstein's conclusory, and contradictory, statements are not significant enough to be reasonably expected to affect the Secretary's decision. See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985) (less weight may be given to opinion of treating physician when the disability diagnosis is "so brief and conclusory that it lacks strong persuasive weight."); Houston v. Secretary of Health & Human Servs., 736 F.2d 365, 367 (6th Cir.1984) (determination of disability is the prerogative of the Secretary, not the treating physician, and a brief, conclusory letter by treating physician is not dispositive).
 
 
 9
 The fact that Octavia suffered from cerebral palsy is well documented in the record and was extensively evaluated by the ALJ. Octavia's ability to walk and run was noted in the record by several doctors, including Dr. Silberstein, as well as Octavia's mother. Dr. Silberstein does not explain how his finding that Octavia had "no orthopedic problems" can be reconciled with his current diagnosis. There is no allegation that Octavia's condition has significantly worsened or that her ability to walk or run has decreased.
 
 
 10
 Even assuming that Octavia does indeed have an "abnormal gait" and "difficulty in getting about," Dr. Silberstein's letters do not support the conclusion that these impairments "substantially reduce" Octavia's ability to function at an age-appropriate level. Specifically, the purported new evidence does not show how and to what extent Octavia's abilities, activities and development are curtailed. Stating that Octavia is totally disabled does not assist a finder of fact in developing an informed opinion or a full understanding of Octavia's limitations.
 
 
 11
 Because we find that substantial evidence supports the Secretary's decision that Octavia was not disabled and because Appellant's purported "new evidence" does not satisfy the criteria for remand, we affirm the magistrate judge's order and deny Appellant's motion for emergency relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C.A. Sec. 636(c) (West 1993)