# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-10480
Summary Calendar

CURTIS M. ARCHIBALD,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:05-CV-65

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Commissioner of Social Security ("Commissioner") denied Curtis Ar-
chibald's application for supplement security income benefits ("SSI benefits"),

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and the district court agreed.  Archibald appeals, and we affirm.

## I.

Archibald worked as a mechanic and an oil derrick hand.  Although he never graduated high school, he did earn a GED.  At age 47, he filed an application for title XVI SSI benefits, alleging he had become disabled.[1]

The administrative law judge ("ALJ") held a hearing and ruled that Archibald was not disabled.  Using the five-step process required by 20 C.F.R. § 416.920(a)(4), the ALJ found that (1) Archibald had not engaged in a substantially gainful activity since his disability filing; (2) he had a severe impairment from degenerative disc disease; (3) his disabilities did not qualify for presumptive disability; and (4) he was unable to perform past relevant work based on his residual functional capacities.  Ultimately, however, the ALJ found at step five that Archibald could perform other work based on his age, education, work experience, and residual functional capacity.

The Appeals Council denied Archibald's request for review, thus making the ALJ's decision the Commissioner's final administrative decision ripe for judicial review.  Archibald sued, and the magistrate judge recommended the Commissioner's final decision be upheld.  The district court adopted the recommendation.

## II.

"In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision to deny benefits."  Audler v. Astrue,

---

[1] Archibald claims he has at least 25 ailments, including rotator cuff injuries, depression, dessication, degenerative disc disease, bipolar disorder, and sleep apnea.

501 F.3d 446, 447 (5th Cir. 2007) (citing Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is "more than a mere scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 271 (5th Cir. 2002) (citation omitted). It consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Audler, 501 F.3d at 447 (citing Richardson v. Perales, 402 U.S. 389 (1971)). Our job is to review the record for the presence of relevant evidence, not to reweigh the evidence or substitute our judgment for the Commissioner's. See Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

Archibald alleges that the ALJ did not have substantial evidence when it found him to have residual functional capacity. The notes of several doctors, including Archibald's treating psychologist, Mustafa Hussain, disprove that assertion. Hussain, with whom Archibald had a long term relationship, stated several times in his treatment notes how Archibald was not disabled. He noted that Archibald was not depressed, did not exhibit mental problems, and was "doing well from a psychiatric point of view." The ALJ relied on those statements, providing part of the substantial evidence needed.

Although Hussain ultimately believed Archibald was disabled, the numerous references in Hussain's notes to Archibald's healthy condition did not support that conclusion, and the ALJ had discretion to reject that medical opinion as "brief [,] conclusory [, and not] otherwise supported by the evidence." Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994) (citing Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985)). The ALJSSnot this courtSSshould weigh the various medical facts and opinions, and that weighing correctly took place here with the ALJ's examination of Hussain's medical notes.

Other evidence also showed that Archibald was not disabled. Another physician, Dr. Cutts, stated in his notes that he could not "indicate [that Archi-

3

bald] is disabled." The same notes also indicate that Archibald had been lifting objects weighing over 100 pounds only weeks before one appointment. Other physicians examining Archibald found inconsistencies in his symptoms and his testimony and concluded that his impairments had only a minimal impact on his ability to function.

With the evidence from the doctors, the ALJ had substantial evidence to find that Archibald was not disabled. The judgment is AFFIRMED.