**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50166

JESSICA VILLALPANDO,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Texas
1:07-CV-109

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Claimant/appellant challenges the district court order affirming an order of the Commissioner of Social Security that denied her application for disability insurance benefits and supplemental security income. Specifically, claimant alleges that the Commissioner erred in failing to properly weigh the opinion of her treating physician; failing to find her disabled from doing past work; and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to credit claimant's testimony regarding her limitations. Substantial evidence supported the Commissioner's decision. Therefore, we affirm.

I.

Ms. Jessica Villalpando is a thirty-three year old woman with a high school education. When she was in the workforce, she worked as a day care worker, sales clerk telephone operator and cashier. Ms Villalpando applied for disability insurance benefits and supplemental security income in 2004. She alleged disability that began in November 2003 due to fibromyalgia, lumbar disc disease, seizures, migraine headaches, and chronic pain. After examining the relevant evidence, an administrative law judge (ALJ) found that petitioner was not disabled. The Appeals Council denied claimant's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner"). Claimant timely filed a complaint in district court to review the Commissioner's decision. The district court affirmed. Claimant then lodged this appeal.

Claimant argues that: (1) the ALJ erred by not giving sufficient weight to the opinion of claimant's treating physician; (2) the ALJ failed to find that she was disabled from doing past work; (3) the ALJ improperly failed to credit claimant's testimony regarding her limitations. We take each issue in order.

II.

A.

The standard of review for social security benefits cases is: "(1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); 42 U.S.C. § 405 (g). The reviewing court may not "re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990).

B.

Claimant first argues that the ALJ did not give proper weight to the opinions provided by Dr. De Jesus, the treating physician, and failed to perform the detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d). She also argues that the ALJ's opinion is not supported by substantial evidence.

Dr. De Jesus saw the patient every one to four months from January 2002 through November of 2005. Claimant's reported symptoms and the physician's recommendations and treatment varied somewhat over that period. Claimant reported pain to De Jesus on each visit. Reports of severe pain were rare; the complaints were usually reported as mild or moderate. Between 2002 and 2005, claimant used various pain-relief medications including: Duragesic, MS Contin, Soma, Zanaflex, Lidoderm, Depo-Medrol, Kadian, Darvocet, and Lortab. During some visits, she reported that these drugs helped her, while at other times the pain persisted.

Claimant's other symptoms also varied from visit to visit. In some reports, Dr. De Jesus noted morning stiffness lasting up to four hours, whereas in the last visit, the stiffness was less than one hour. Although part of De Jesus' impression in the first visits was "posttraumatic lumbar disc disease," this impression does not appear in the visits after 2003. Notably, Dr. De Jesus never reported swelling of the joints and the physical tests he performed always indicated mild to moderate joint discomfort. Dr. DeJesus noted few if any objective findings such as swelling, decreased joint mobility or poor muscle tone.

In the last reported visit, Dr. De Jesus performed a Muscoloskeletal Examination in which he found claimant had a "fair range of motion of the joints

. . . but mild discomfort" on certain areas of the back. It was in this report that he first noted that patient had "chronic disability from job activities." The ALJ declined to assign controlling weight to this report.

"Ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). Unless the ALJ gives a treating source's opinion controlling weight, he must consider the factors set forth in 20 C.F.R. § 404.1527(d) to decide the weight to be given to any medical opinion. However, "[t]he ALJ has the sole responsibility of determining the disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). The six factors in subsection (d) of 20 C.F.R. § 404.1527 apply only with respect to the *medical opinions* of treating physicians.

> Subsection (d) is entitled "How we weigh medical opinions" and explicitly applies only to "medical opinions." Subsection (e) of the regulation expressly explains that some opinions by physicians are not medical opinions, and as such have no "special significance" in the ALJ's determination. 20 C.F.R. § 404.1527(e) &(e)(3). Among the opinions by treating doctors that have no special significance are determinations that an applicant is "disabled" or "unable to work." 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as "reserved to the Commissioner." The factors set out at subsection (d) apply only to medical opinions, not opinions "reserved to the Commissioner."

*Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ did not reject the De Jesus' medical opinion or findings that claimant suffered from "chronic pain, history of seizures, fibromyalgia and depression." Rather, the ALJ found that these conditions did not support the physician's opinion of "chronic disability from job activities."

First, the ALJ found De Jesus' opinion that claimant was disabled inconsistent with his previous report that claimant was capable of taking care of herself and that she could "perform a wide-range of daily activities without limitation." The ALJ also noted that although claimant's reported symptomatology was similar in all of De Jesus' reports, the claimant worked 40 hours per week during her initial visits before she filed the disability claim. The ALJ also observed that after filing her social security claim, claimant did briefly work as a day-care worker, although not full time.

In summary, despite claimant's medical conditions and complaints, the ALJ also noted the absence of objective medical findings, the relatively mild complaints reported to Dr. DeJesus and as well as evidence of claimant's activities in its conclusion that claimant was not disabled. That decision is supported by substantial evidence in the record. The ALJ was not required to give controlling weight to De Jesus' opinion on disability and no findings under 20 C.F.R. § 404.1527(d) were required.

B.

Claimant next argues that the ALJ erred in failing to find the claimant disabled under step four of the "five-step sequential evaluation process" used to determine disability. *See* 20 C.F.R. §404.1520(a)(4). The fourth step requires an assessment of the claimant's residual functional capacity to determine if the claimant is disabled from doing past relevant work. In addition to Dr. DeJesus' testimony, the ALJ considered the consultive examination of Dr. George Robinson. Dr. Robinson reported mild complaints of pain but no objective findings such as muscle spasms or limited range of motion. Based on this evidence, the evidence of claimant's activities and the testimony of a Vocational Expert (VE), the ALJ found that the claimant was capable of performing her past relevant work of daycare worker, sales clerk, telephone operator, and

cashier-checker. Therefore, the ALJ did not find claimant disabled under step 4.

Claimant argues that if her pain, fatigue, and "angry mood" were considered in the residual functional capacity assessment, the ALJ would have found her disabled under "step four." As indicated above, the ALJ did consider claimant's pain and fatigue. The ALJ specifically noted that due to "reports of pain . . . additional limitations are present that were not considered by the State Agency." Based on that finding, the ALJ reduced claimant's functional capacity from "medium work" to "light work."

The ALJ also considered the claimant's mental state. Only one of three of claimant's psychological evaluations indicated significant depressive symptoms. However, the ALJ was entitled to conclude from the record that claimant's use of Zoloft quickly eased her brief struggles with serious depression. While the ALJ found that claimant does sometimes experience depressive symptoms, the ALJ also determined that the claimant was mentally capable of competitive work. Because the ALJ employed the correct analysis and based his decision on substantial evidence, the ALJ did not err in concluding that claimant was not disabled under step 4.

## C.

Claimant argues finally that the ALJ improperly refused to credit the plaintiff's own testimony regarding her limitations. The ALJ has broad discretion in making credibility determinations and we find no basis in the record to second guess his credibility calls.

## III.

Because the Commissioner's order is supported by substantial evidence, we affirm the judgment of the district court.

AFFIRMED.