**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51052
Summary Calendar

ALICE DOMINGUEZ-HERRERA

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-996

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alice Dominguez-Herrera ("Herrera") appeals the district court's order affirming a decision of the Commissioner of Social Security (the "Commissioner") that denied her application for disability insurance benefits. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

Herrera is a fifty-seven year old woman who did not complete high school and has no special job or vocational training. Her past work experience includes employment as a receptionist for eighteen years, as well as shorter periods of employment as a file clerk and a housekeeper. Herrera applied for disability insurance benefits on July 17, 2003; she alleged that she became disabled on April 16, 2001 due to chronic back disorders.

An administrative law judge (the "ALJ") initially determined that Herrera was not disabled on October 5, 2004. The Appeals Council remanded the case to the ALJ, instructing the ALJ, among other matters, to give further consideration to certain treating physician opinions and to Herrera's maximum "residual functional capacity." The ALJ held a second hearing, and again found that Herrera was not disabled on July 24, 2006. The Appeals Council denied Herrera's request for review, making the ALJ's decision the final decision of the Commissioner. Herrera then filed this action in federal court on December 21, 2006, seeking judicial review of the Commissioner's decision. A magistrate judge recommended that the Commissioner's decision be affirmed, and the district court adopted that recommendation on August 4, 2008. Herrera appeals.

## STANDARD OF REVIEW

Our review of the Commissioner's decision is limited to two inquiries: "(1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *see also* 42 U.S.C. § 405(g). The reviewing court may not "reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990).

## DISCUSSION

A claimant is "disabled" under the Social Security Act (the "Act") if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential, five-step approach to determine disability.[1] The claimant bears the burden of proof under the first four steps of the inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that a claimant can perform. *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner identifies such employment, the burden then shifts back to the claimant to prove that she could not perform the alternative work identified. *Id.* at 1302.

First, Herrera argues that, in conducting the disability determination, the ALJ did not give proper weight to the opinions provided by the various physicians who examined and treated her. In this circuit, "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). If an ALJ declines to give a treating physician's opinion

---

[1] The steps include: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520(a), 416.920(a).

controlling weight, he must explicitly consider the factors set forth in 20 C.F.R. § 404.1527(d) to justify his decision. *See* 20 C.F.R. § 404.1527(d); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

Herrera's contention ignores the ALJ's detailed discussion of the medical opinions provided by the various physicians who examined and treated Herrera. These opinions support the ALJ's conclusion that Herrera was disabled from April 2001 to January 2002—a disability period insufficient to meet the twelve-month requirement under the Act. The record concerning Herrera's post-January 2002 condition, on the other hand, does not contain any medical opinions indicating that Herrera had limitations greater than those determined by the ALJ. Thus, on January 17, 2002, Dr. Cantu—Herrera's principal treating physician—assessed Herrera's "whole person impairment" at only 6% and on August 8, 2002, he noted that Herrera was capable of performing "light duty" work. Similarly, Dr. Thorne, who examined Herrera on July 1, 2002, concluded that Herrera was able to perform all of her daily activities, and found little objective evidence of her alleged disorders—he assigned Herrera a "whole-person impairment" of 5%. Further, the medical evidence concerning Herrera's mental impairments does not point to any disabling limitations. Accordingly, the ALJ's finding of "no disability" was supported by substantial evidence, including the medical opinions of Herrera's treating physicians. Moreover, because these treating physicians' opinions were given controlling weight, the ALJ was not required to perform a detailed analysis of their views under the criteria set forth in 20 C.F.R. § 404.1527(d).

Next, Herrera maintains that the ALJ erred in finding that Herrera had the "residual functional capacity" to perform certain light, unskilled jobs that exist in significant number in the national economy. Both the fourth and the fifth step of the disability inquiry require the ALJ to assess a claimant's "residual functional capacity"—*i.e.*, her ability to work despite physical and

mental impairments—in order to determine if she is prevented from performing past relevant work or other substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ considered all the relevant evidence, including the opinions of examining and non-examining physicians and the objective medical evidence, and concluded that Herrera retained the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours in an eight-hour workday, stand and/or walk for six hours in an eight-hour workday, carry out routine instructions, and interact appropriately with supervisors and coworkers.

Contrary to Herrera's contention, this finding is supported by substantial evidence—including, as indicated above, Dr. Cantu's determination that Herrera was capable of "light duty" work, as well as Dr. Thorne's conclusion that Herrera was able to perform all of her daily activities. We also reject Herrera's argument that the Commissioner failed to demonstrate that there are jobs in significant numbers in the national economy that Herrera can perform gainfully. A vocational expert testified at Herrera's disability hearing that a hypothetical individual of Herrera's age, education, past work experience, and residual functional capacity was capable of light, unskilled work, in such occupational categories as "information clerk," "office helper," and "fund raiser II." With respect to these three representative occupations, the vocational expert noted that there were 87,000 information clerks employed in Texas (and 1.1 million nationally); 7,600 office helpers employed in Texas (and 135,000 nationally), and 8,300 fund raiser IIs employed in Texas (and over 200,000 nationally). The ALJ properly relied on this testimony in concluding that Herrera was capable of performing other substantial gainful activity than her past relevant work and thus did not satisfy the fifth step of the disability inquiry. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (noting that "[t]he value of a vocational expert is that he is familiar with the specific requirements of a particular

5

occupation, including working conditions and the attributes and skills needed" (quotation omitted)).

Finally, Herrera contends that the ALJ failed to properly evaluate the credibility of her testimony with respect to her pain and other symptoms. Herrera correctly notes that the ALJ must consider a claimant's stated symptoms, including her pain, and will take into account their "location, duration, frequency, and intensity," "[p]recipitating and aggravating factors," and medications and other treatments received to alleviate those symptoms. 20 C.F.R. § 404.1529. However, the regulation also makes clear that:

> [s]tatements about [a claimant's] pain or other symptoms will not alone establish that [she is] disabled; there must be medical signs and laboratory findings which show that [she has] a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of [her] pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that [she is] disabled.

*Id.*

The ALJ considered and discussed Herrera's testimony concerning her pain and other symptoms, found Herrera's allegations credible only to the extent that they were consistent with the ALJ's opinion, and stated specific reasons for discounting Herrera's credibility. In particular, the ALJ noted that Herrera's testimony that she was virtually bedridden and needed a cane to support herself because of the intensity of her symptoms was at odds with the record as a whole—including her inconsistent use of pain medication, her failure to pursue ongoing medical care, and the medical opinions of the various physicians who examined and treated her. Accordingly, the ALJ applied the proper legal standard in assessing Herrera's credibility, and his conclusion is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.