United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-10148
Summary Calendar

———————————————

STEVEN E. PORTER,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security,

                                        Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Texas

———————————————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Steven E. Porter, a social security claimant, appeals the district court's decision to affirm the administrative law judge's finding that he was not entitled to social security benefits. For the following reasons, we affirm.

## I.    BACKGROUND

    Porter filed for disability benefits under Title II and supplemental security income benefits under Title XVI in October 2001. He alleged his inability to work began on March 3, 2000.

———————————

    [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

His claims were denied by the Commissioner, and he sought review by an administrative law judge ("ALJ"). After a hearing, the ALJ denied benefits. The ALJ concluded that, while Porter's impairments were severe, he retained the ability to perform sedentary work with the restriction that his employer must permit him to occasionally change position at the work site. Accordingly, the ALJ denied benefits.

After exhausting his administrative remedies, the ALJ's decision became final, and Porter sought review in federal district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2000). A federal magistrate judge heard his case and made recommendations to affirm the decision of the Commissioner. The district court adopted those recommendations and denied relief. Porter now appeals.

## II. STANDARD OF REVIEW

We review a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). A final decision is supported by substantial evidence if we find relevant evidence sufficient to establish that a reasonable mind could reach the same conclusion reached by the Commissioner. *See id*. In our review of the evidence, we do not substitute our judgment for the Commisioner's

2

judgment.  *See id*.  If there are conflicts in the evidence, we accept the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence.  *See id*.

## III. DISCUSSION

Porter raises two issues on appeal.  First, he argues that substantial evidence does not support the ALJ's finding as to Porter's residual functional capacity (RFC).  Second, Porter argues that the ALJ committed legal error prejudicial to Porter in determining his RFC.  The Commissioner uses a sequential five-step inquiry to evaluate disability claims under 42 U.S.C. § 423(d)(1)(A).  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1520(a)(4).  In step four of the inquiry, the Commissioner considers whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

### A.   RFC Determination

Porter argues that less than substantial evidence supports the ALJ's omission of any manipulative or grip limitations with respect to the RFC finding.  We disagree.  The ALJ considered the reports of two physicians.  First, Dr. Cravens, a treating physician, stated that Porter was limited in several ways but did not recommend any specific grip or manipulative limitations.  Dr. Cravens did not note any grasping or squeezing limitations.  As a treating physician, Dr. Craven's opinion, supported by medically acceptable clinical and laboratory diagnostic techniques, was

3

entitled to "great weight." *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). Second, the ALJ considered the opinion of Dr. Stoll. He reported that Porter exhibited some numbness in his right wrist. He also noted that Porter's sensation was otherwise normal, and he did not exhibit any motor or muscle weakness. Dr. Stoll opined that Porter showed no physical limitations other than his multiple, moderate pain complaints. The ALJ's conclusion that Porter could perform sedentary work is consistent with these physician assessments.

Porter contends, however, that the ALJ should have found limitations in his ability to use his right hand on the basis of a chiropractor's functional capacity evaluation. The test showed that Porter had strength deficits in grip testing. At the outset, the ALJ was not required to rely on the chiropractor's evaluation in making the RFC finding because a chiropractor is not an acceptable medical source. Acceptable medical sources include licensed physicians or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a).

Nonetheless, a chiropractor's report may be used to show the severity of any impairment and how it affects the claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Here, the ALJ considered the chiropractor's evaluation. While that

4

testing revealed strength deficits in Porter's right arm, the examination indicated that the range of motion was within normal limits. The chiropractor did not recommend specific grip or manipulation limitations. This evidence coupled with the other opinions that did not indicate that Porter exhibited significant functional limitations in his right arm provided substantial evidence in support of the ALJ's conclusion that Porter could perform sedentary work.

## B. Prejudicial Legal Error

Porter contends that the ALJ committed prejudicial legal error in making its RFC finding. Specifically, Porter asserts that the ALJ erred by (1) failing to address his alleged limitations in manipulation and gripping through a function-by-function analysis and (2) failing to address the opinion of a "medical source." Porter argues that these two failures establish that the ALJ did not comply with Social Security Ruling (SSR) 96-8p. SSR 96-8p provides that an individual's RFC measures their "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." A "regular and continuing basis" is defined by SSR 96-8p as "8 hours a day, for 5 days a week, or an equivalent work schedule."

The ALJ complied with SSR 96-8p by considering all of the medical evidence, including the testing performed by the chiropractor, and Porter's subjective complaints of pain. The ALJ

5

analyzed each alleged impairment in detail. The ALJ concluded that this evidence demonstrated that Porter "retain[ed] the functional capacity to perform the exertional demands of sedentary work . . . . " The medical opinions did not warrant a contrary decision.

As to Porter's second argument, the ALJ did not err by failing to consider the opinion of a medical source—the chiropractor. As discussed above, a chiropractor is not listed as an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). In any event, the ALJ did acknowledge the chiropractor's opinion and noted that it "did not cite any specific limitations or restrictions that [Porter's] condition caused him . . . ." Therefore, the ALJ's determination that Porter could perform sedentary work did not conflict with the chiropractor's assessment.

Based on the foregoing, the order of the district court is AFFIRMED.