# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30918
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

ASHLEY BELK,

      Plaintiff – Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2517

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Ashley Belk appeals the district court's judgment affirming the denial of her application for disability insurance benefits. Belk argues that the administrative law judge failed to properly evaluate whether Belk's impairments met or equaled the severity of sections 1.02(A) and 1.06 of the Listing of Impairments. Because substantial evidence supports the

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30918

administrative law judge's finding that Belk did not have an extreme limitation in her ability to walk, we AFFIRM.

## I.

Belk filed an application with the Social Security Administration for disability benefits, alleging a period of disability beginning in January 2011. After a hearing, the administrative law judge (ALJ) denied Belk's application, concluding that Belk did not have an impairment or combination of impairments that met or equaled the severity of the Listing of Impairments, 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (the Listings). The Appeals Council denied Belk's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security. *See Perez v. Barnhart*, 415 F.3d 457, 460 (5th Cir. 2005).

Belk filed this lawsuit in the district court, and the parties consented to proceed before a magistrate judge. After receiving written submissions from the parties and holding oral argument, the magistrate judge issued a 32-page order dismissing Belk's complaint. The magistrate judge rejected Belk's argument that the ALJ was required to explain in detail her reasons for finding that Belk did not meet a Listing, and found that any error was harmless because Belk could not demonstrate an inability to ambulate effectively, as required for both §§ 1.02(A) and 1.06 of the Listings, and the ALJ's finding was supported by substantial evidence. Belk timely appealed.

## II.

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez*, 415 F.3d at 461. Substantial evidence is more than a mere scintilla but less than a preponderance, *id.*, and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

No. 15-30918

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461.

## III.

Although the ALJ uses a five-step sequential analysis to evaluate claims of disability, Belk challenges only the ALJ's determination at step 3, which asks "whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1." *Perez*, 415 F.3d at 461. Belk bears the burden of proof at this step. *Id.* Belk argues that she produced evidence showing that her impairments met or equaled §§ 1.02(A) (major dysfunction of a major peripheral weight-bearing joint) and 1.06 (fracture of the femur) of the Listings, but that the ALJ did not conduct any analysis of those Listings or cite to any evidence rebutting Belk's arguments.

In *Audler v. Astrue*, upon which Belk relies, we held that where the ALJ at step 3 "did not identify the listed impairment for which Audler's symptoms fail to qualify" or "provide any explanation as to how she reached the conclusion that Audler's symptoms are insufficiently severe to meet any listed impairment," we were unable to tell whether the ALJ's decision was based on substantial evidence. 501 F.3d 446, 448 (5th Cir. 2007). Here, in contrast, the ALJ stated in her decision that she had "considered the impairments listed in [the Listings]" and found that Belk's impairments did not singularly or in combination meet or equal the required criteria of §§ 1.02 and 1.06, noting that "the medical evidence does not document listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment." The ALJ also discussed in a different part of her decision some of the medical evidence related to Belk's ability to walk and stand, concluding that Belk could walk and stand for two hours out of

3

eight.  These findings are much more robust than the "bare conclusion" in *Audler*.  *See id.* ("Although the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ offered nothing to support her conclusion at this step.").

Even assuming *arguendo* that the ALJ's findings were insufficiently explained, the error was harmless.  *See id.* ("Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless.").  Both Listings at issue require the "inability to ambulate effectively," which is defined as "extreme limitation of the ability to walk," generally requiring "insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  20 C.F.R. § Pt. 404, Subpt. P, App. 1 §§ 1.00(B)(2)(b), 1.02(A), 1.06(B).[1]  The regulations further explain:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. . . . [E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.

*Id.* § 1.00(B)(2)(b)(2).

Substantial evidence supports the ALJ's finding that Belk did not meet or equal the severity of the Listings because she could ambulate effectively.

---

[1] The government concedes that Belk appears to meet portions of the Listings related to severe impairments to her tibia and fibula.  However, "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

No. 15-30918

Belk's medical records from her treating physician consistently reflect that she needed no assistance in the activities of daily living. Another examining physician also observed that Belk managed her own personal hygiene, cooking, and cleaning, and maintained her residence. A third examining physician determined that Belk "appeared to be capable of normal ambulatory activity, which does not require long periods of standing or activity on her left lower extremity," notwithstanding the deformities in her left leg. He observed that Belk was unable to "heel and toe walk" but that she could "walk briskly, slightly favoring the left leg, but with no obvious foot drop." These medical records constitute substantial evidence that Belk could ambulate effectively as defined by the regulations.

Belk's evidence of instability and pain in her left leg does not alter this conclusion. Conflicts of evidence are for the Commissioner to resolve; in applying the substantial evidence standard, we do not reweigh the evidence, but merely determine whether the Commissioner's decision is supported by substantial evidence. *Perez*, 415 F.3d at 461. Furthermore, Belk's own testimony establishes that despite her pain and balance problems, she is able to complete tasks like grocery shopping by herself. Nor is there any evidence or argument that Belk requires the use of a walker or canes.

Accordingly, because the ALJ's finding that Belk did not meet or equal a listed impairment is supported by substantial evidence, we AFFIRM the judgment of the district court.

5