# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20786
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

REGINA YOUNG,

      Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2810

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Regina Young, a social security claimant, appeals the district court's grant of summary judgment and affirmance of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income.  Because we conclude that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20786

the Commissioner's decision to deny benefits is supported by substantial evidence, we AFFIRM.

## I. Background

In 2008, Young applied for supplemental security income, claiming disability due to diabetes, high blood pressure, fibromyalgia, arthritis, carpal tunnel syndrome, back problems, and "residuals" from an attack. Relevant to this appeal,[1] Young testified that her back keeps her from standing or sitting for prolonged periods. Young had a collection of medical records including physical examinations, a neurosurgical examination (finding no need for surgery), a computed tomography ("CT") study, and magnetic resonance imaging ("MRI") studies.

Since 2003, Young was also seeing her Chiropractor, Michael Ungerank. In 2008, he noted that her rotator cuff in the right shoulder probably needed surgery. He treated her for weakness and pain associated with her neck, shoulders, lower back, hips, and legs. In 2014, he wrote a letter stating that Young had a "chronic lower back condition and cannot do any heavy lifting of more than 10 pounds or do any excessive bending or getting up or down."

The Commissioner denied Young's application administratively, and pursuant to Young's request, an administrative law judge ("ALJ") held a hearing. During the hearing, Young testified that she had limited range of motion in her shoulder and had never received surgery. As to her back, Young testified that there had been little improvement, despite her treatment under the Affordable Care Act. She testified that she had carpal tunnel syndrome but that it had improved in her right hand after surgery. She also said that

---

[1] Because Young only appeals the ALJ's ruling as to her physical impairments, we do not summarize the medical records regarding any other impairments.

No. 16-20786

she could stand for thirty minutes, walk for about ten to fifteen minutes, sit for thirty to forty-five minutes, and lift and carry ten pounds.

The ALJ issued a decision denying Young's claim.  The ALJ found that Young was not disabled because, based on her residual functional capacity, she could perform "the requirements of representative occupations such as a cleaner."

After the finding of no disability, Young requested review from the Appeals Council, which denied her request, rendering the ALJ decision final. Young sought review in federal district court pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  The parties consented to proceed before a magistrate judge, who issued an order granting the Commissioner's motion for summary judgment and recommending that the Commissioner's decision be affirmed.  Young now appeals.[2]

## II.  Standard of Review

We review a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  A final decision is supported by substantial evidence if it is based upon relevant evidence sufficient to establish that a reasonable mind could reach the same conclusion reached by the Commissioner.  *Id.*

---

[2] Young's efforts to receive social security income based on these ailments has a long history.  She first applied in 2009.  The Commissioner denied that application, and an ALJ issued an unfavorable decision, which the Appeals Council remanded.  An ALJ held a second hearing and again determined that Young was not disabled.  The United States District Court for the Eastern District of Arkansas reversed and remanded that decision.  On November 2014, for the third time, an ALJ rendered a decision that Young was not disabled. It is this third decision that Young now appeals.

No. 16-20786

## III.  Discussion

Young contends that the ALJ's finding of no disability is reversible error because it is not supported by substantial evidence.  In summary, she argues that the ALJ failed to give sufficient credence to her chiropractor's conclustion that she has a chronic lower back condition and cannot lift more than ten pounds or do any excessive bending—a finding that is inconsistent with the ALJ's conclusion that Young can perform light work as a cleaner.  Specifically, Young asserts that the ALJ erred in giving "little weight" to Ungerank's opinion solely because he is a chiropractor.

The ALJ is responsible for evaluating a claimant's residual functional capacity by reviewing all of the medical findings and other evidence.  *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990).  But federal regulations create a broad framework for such judges to follow in making their decisions.  The regulations classify evidence from medical sources into two categories: "acceptable medical sources" and "other sources."  20 C.F.R. § 416.913(a), (d) (2013).[3]  "Acceptable medical sources" include licensed physicians and certain other listed medical practitioners, but not chiropractors.  § 416.913(a)(1)–(5).  "Other sources" are the remaining sources not listed above, including chiropractors.  § 416.913(d)(1).  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of . . . impairment(s) . . . ."  § 416.927(a)(2).  Furthermore, "[o]nly 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions,

---

[3] 20 C.F.R. §§ 416.913 and 416.927, the regulations most relevant to this appeal, were reformulated effective March 27, 2017.  However, in this opinion we refer to the 2013 regulations, which applied at the time of the ALJ's determination, rather than to their recently-updated 2017 versions.

and be considered treating sources whose medical opinions may be entitled to controlling weight." *Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009).[4] "Other sources" can be used to support findings of severity of an impairment and effect on ability to work. § 416.913(d); *see also Porter v. Barnhart*, 200 F. App'x 317, 319 (5th Cir. 2006).

"We have long held that 'ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability.'" *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). An ALJ may, however, assign such an opinion little or no weight if there is good cause not to—for example, if the opinion is brief or conclusory, not supported by acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* Although an ALJ may assign little weight to an "acceptable medical source" only upon a showing of good cause, we have not imposed a good cause requirement to discount medical opinions from "other sources."

The record before the ALJ did not contain any opinions from "acceptable medical sources" that Young was disabled. Ungerank is the only source of any kind to conclude that Young was not capable of light work. He falls in the category of "other source." Therefore, the ALJ was not required to determine whether there was good cause to assign Ungerank's opinion little weight. Nevertheless, the ALJ did take Ungerank's opinion into account when making his determination; he merely found other evidence in the record was more convincing. Bearing in mind that our role is not to reweigh the evidence or

---

[4] Although *Thibodeaux* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

substitute our judgment for that of the ALJ, we conclude that substantial evidence supports the ALJ's determination regarding Young's residual functional capacity as well as the ALJ's ultimate determination that Young was not disabled.

AFFIRMED.