# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2020

Lyle W. Cayce
Clerk

PHYLLIS S. RUSSO,

     Plaintiff - Appellant

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

     Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-478

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Phyllis Russo sought judicial review of an unfavorable decision by the Commissioner of Social Security Administration on her application for disability insurance benefits under the Social Security Act. The district court affirmed the Commissioner's decision. Seeing no reversible error, we affirm the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10523

I.

Phyllis Russo applied for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, alleging that she is disabled. The relevant timeframe for Russo's application is from March 1, 2011, the alleged onset date, through December 31, 2012, the date when her insured status expired. After the Commissioner of the Social Security Administration denied her application, Russo requested a hearing before an administrative law judge ("ALJ"). Russo appeared and testified at the hearing, as did an impartial vocational expert.

Reviewing her claim under the familiar five-step analysis,[1] the ALJ concluded that Russo was not "disabled" within the meaning of the Act during the relevant timeframe. In particular, the ALJ determined that Russo did not have an impairment or combination of impairments that met or medically equaled the severity of any impairment listed in the social security regulations. In addition, although Russo was unable to return to her past job as a chiropractor, the ALJ determined that she was capable of performing other jobs that exist in significant numbers in the national economy.

Russo appealed the ALJ's decision to the Appeals Council, which denied her request for review. As a result, the ALJ's decision became the final decision of the Commissioner. Russo then filed this action for judicial review pursuant to 42 U.S.C. § 405(g). The case was referred to a magistrate judge, who issued a thorough report and recommendation concluding that the decision was

---

[1] *See, e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) ("The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart [P], Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work."); *see also* 20 C.F.R. § 404.1520(a)(4).

No. 19-10523

supported by substantial evidence and that the Commissioner applied the proper legal standard. Russo did not object to the magistrate judge's report and recommendation. The district court reviewed the magistrate judge's report and recommendation for plain error, adopted the report and recommendation as its own order, and entered a judgment affirming the Commissioner's decision. This appeal followed.

II.

Judicial review of the Commissioner's denial of disability insurance benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez*, 415 F.3d at 461). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 819 (5th Cir. 2018) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). In applying the substantial-evidence standard, "[t]he court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Russo failed to object to the magistrate judge's report and recommendation. "A party's failure to object to a magistrate judge's report and recommendation restricts the appeals court to a 'plain error' standard of review." *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1). The magistrate judge's report and recommendation cited *Douglass* and advised Russo of the consequences of her failure to object. Accordingly, we review the district court's judgment for plain error.

No. 19-10523

III.

Russo's issue statement is vague, and her brief conflates distinct issues, making it difficult to understand her arguments. We understand Russo to challenge the ALJ's decision on two grounds: (1) the ALJ failed to consider certain medical records and evaluations, and (2) the ALJ failed to consider the totality of her impairments in combination when determining whether her combination of impairments is medically equivalent to an impairment listed in the social security regulations. These arguments are without merit.

A.

Russo contends that the ALJ failed to consider several medical records and evaluations submitted in connection with her application. She bases this argument on the fact that these records were not specifically identified in the list of exhibits attached to the ALJ's decision. But the list of exhibits attached to the ALJ's decision identifies hundreds of pages of medical records, which include each of the records that Russo references. And an examination of the ALJ's decision reveals that the ALJ did consider this evidence.

In fact, the ALJ specifically discussed these records and explained what weight she afforded them. She gave limited or no weight to the opinions in many of these records because they concerned treatment long after Russo's date last insured and there was no indication that the opinions related to Russo's condition during the relevant time period. Because Russo bore the burden of proving that she was disabled before the expiration of her insured status, evidence describing her condition after her date last insured is not relevant. *See Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995); *see also Fabian v. Berryhill*, 734 F. App'x 239, 243 (5th Cir. 2018) (unpublished) (holding that the Commissioner did not err by failing to give controlling weight to opinions of physicians who had not treated the claimant during the relevant

4

period and did not refer to her condition during the relevant period); *McLendon v. Barnhart*, 184 F. App'x 430, 431 (5th Cir. 2006) (unpublished) (same).[2]

Only one of the purportedly disregarded records was from the relevant timeframe: a gastrointestinal pathology report from March 2012. The ALJ cited this report and acknowledged that Russo underwent a colonoscopy in 2012. But the results of the colonoscopy were unremarkable, and Russo points to no evidence that she was diagnosed with or treated for colitis, chronic constipation, or chronic fatigue. And as the ALJ pointed out, there is no evidence that any symptoms related to those conditions did or could last for the twelve-month durational requirement. *See* 20 C.F.R. § 416.909.

Even if the ALJ failed to consider certain records, Russo has not met her burden of showing that any error was prejudicial. "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). An ALJ's failure to consider evidence is ground for reversal "only if the applicant can show prejudice." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). To establish prejudice, the plaintiff must show that the omitted material "might have altered the result." *Id.* (quoting *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). Because Russo does not explain the import of the supposedly omitted records or how they "would somehow swing the evidentiary pendulum in [her] favor," *id.* at 705, Russo fails to show that she was prejudiced by the ALJ's alleged failure to consider that evidence.

---

[2] Similarly, the ALJ rejected the opinions of a treating physician's assistant and a chiropractor because, besides there being no indication of treatment during the alleged period of disability, these opinions were not rendered by "acceptable medical sources" under the social security regulations and were inconsistent with other medical evidence from the relevant time period. *See Young v. Berryhill*, 689 F. App'x 819, 821–22 (5th Cir. 2017) (unpublished) (citing 20 C.F.R. § 416.913(a), (d) (2013)).

B.

Russo also challenges the ALJ's finding that she did not have any impairment or combination of impairments that meets or equals the severity of an impairment listed in the social security regulations. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. In making this determination, "the ALJ must analyze both the 'disabling effect of each of the claimant's ailments' and the 'combined effect of all of these impairments.'" *Loza v. Apfel*, 219 F.3d 378, 399 (5th Cir. 2000) (quoting *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987)). Russo argues that the ALJ analyzed her alleged impairments individually and merely gave "lip service" to the requirement to consider their combined effects. We find this argument unpersuasive.

First, Russo has the burden of establishing that her combination of impairments meets or equals "*all* of the specified medical criteria" of a listed impairment. *Whitehead*, 820 F.3d at 781 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)); *see also Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). Yet, Russo points to no evidence showing that she could meet or equal every requirement of a listing. *See Heck v. Colvin*, 674 F. App'x 411, 414–15 (5th Cir. 2017) (unpublished) (holding claimant failed to meet her burden because she did not explain how her symptoms aligned with the criteria of a listing). In fact, Russo does not identify a single listing to which her combination of impairments is allegedly equivalent. Thus, she has not met her burden.

Second, the ALJ's decision demonstrates that she properly considered Russo's impairments in combination. The ALJ specifically stated that the severity of Russo's impairments, "considered singly and *in combination*, does not meet or medically equal the criteria of any impairment listed in Appendix 1." Our review of the record reveals this is not simply a rote statement. *See Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (holding the ALJ did not fail to consider the cumulative effect of the claimant's impairments where the

ALJ stated that the impairments, "taken singly or *in combination*," do not meet or equal a listed impairment, and the record supported the ALJ's conclusion).

After careful consideration of the evidence, the ALJ determined that Russo's impairments did not meet or equal the criteria of listing 1.02 (major disfunction of a joint) or listing 12.06 (anxiety and obsessive-compulsive disorders) and explained how she reached those conclusions. This analysis satisfies the proper legal standard required under our jurisprudence. *Cf. Audler*, 501 F.3d at 448 (holding the ALJ erred by summarily concluding that the claimant's impairments did not meet or equal a listed impairment, without identifying the listed impairment for which the claimant's symptoms failed to qualify or providing any explanation as to how she reached her conclusion); *see also Belk v. Colvin*, 648 F. App'x 452, 454–55 (5th Cir. 2016) (unpublished). In addition, the ALJ specifically considered the "combined effects" of all of Russo's medically determinable impairments in determining Russo's residual functional capacity. *See Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (unpublished) (holding that the ALJ properly considered the "combined effects" of a claimant's impairments where the ALJ incorporated the combination of impairments into his residual functional capacity determination).

In light of the highly deferential standard of review and Russo's failure to develop her argument or support it by citing to any relevant authority, we find that the ALJ fully comported with the requirement that she consider the combined effect of Russo's impairments, and substantial evidence supports the ALJ's conclusion that the combination of Russo's impairments did not meet or equal an impairment listed in the regulations.

IV.

Our review of the parties' briefs, applicable law, and relevant portions of the record discloses no reversible error. We AFFIRM the district court's judgment.